**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| IN RE:   Chereathia Jones | CASE NO.   19-12605 |
| DEBTOR | CHAPTER    13 |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE**

COMES NOW the Acting United States Trustee ("UST") for Region 5, David W. Asbach, "UST," by and through undersigned counsel, pursuant to 11 U.S.C. §§ 105, 349 and 1307(c) and Rule 1017(a), Federal Rules of Bankruptcy Procedure ("FRBP") and files this Motion to Dismiss the above styled proceeding with prejudice.   In support hereof, the UST respectfully submits as follows, to wit:

**Jurisdiction and Standing**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 1307 and the order granting automatic reference to this Court.   This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The UST has standing to bring this motion pursuant to 11 U.S.C. §§ 307 and 1307.

**Facts**

3. On June 28, 2019, Chereathia Jones ("DEBTOR") filed a petition for relief pursuant to 11 U.S.C. chapter 13.[1]   The debtor has filed multiple bankruptcy petitions over the

---

[1] This is the debtor's *eighth* bankruptcy proceeding since 2011. See:
 *In re Chereathia Jones*, No. 11-21044 (W. D. Tenn. filed Feb. 1, 2011)
    (dismissed for failure to provide documentation);
 *In re Chereathia Jones*, No. 12-13072 (N. D. Miss. filed July 26, 2012)
    (dismissed due to two year bar from filing bankruptcy);
 *In re Chereathia Jones*, No. 13-29293(W. D. Tenn filed August 30, 2013)
    (dismissed failure to abide by court orders);
 *In re Chereathia Jones,* No. 15-20689 (W. D. Tenn. filed March 31, 2015)
    (dismissed failure to appear at 341 meeting of creditors);
 *In re Chereathia Jones* No. 18-13636(N. D. Miss. Filed September 21, 2018)
    (dismissed for failure to file schedules).

last fourteen years, most not completed, and dismissed for failure to appear at her 341 meeting of creditors or failure to pay filing fees or plan payments.

## Argument - Dismissal §1307(c)

The Fifth Circuit recognizes a standard of good faith in every bankruptcy proceeding. The good faith requirement prevents abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefitting creditors in any way or to achieve reprehensible purposes. This good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their powerful equitable weapons available only to debtors and creditors with clean hands. See *Matter of Little Creek Development Company*, 779 F. 2d 1068, 1072 (5th Cir. 1986).[2]

Under 11 U.S.C. § 1307(c) [3] a chapter 13 proceeding may be dismissed for cause

---

```
In re: Chereathia Jones, No. 18-28672 (W.D. Tenn. Filed October 16,2018)
      (dismissed for non-payment);
In re: Chereathia Jones, No. 19-11491 (N. D. Miss. filed April 5, 2019)
      (dismissed for failure to appear at 341 meeting)
```

[2]    In *Little Creek*, the Fifth Circuit recognized that every bankruptcy statute since 1898 had incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution and confirmation of bankruptcy proceedings. The standard of good faith serves to balance the interest of debtors and creditors and legitimizes the delay and costs imposed upon parties to a bankruptcy proceeding.

[3]    11 U.S.C. § 1307(c) provides that,

>   Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including--
>   (1) unreasonable delay by the debtor that is prejudicial to creditors;
>   (2) nonpayment of any fees and charges required under chapter 123 of title 28;
>   (3) failure to file a plan timely under section 1321 of this title;
>   (4) failure to commence making timely payments under section 1326 of this title;
>   (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;
>   (6) material default by the debtor with respect to a term of a confirmed plan;
>   (7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;
>   (8) termination of a confirmed plan by reason of the occurrence of a condition

including a lack of good faith. *In re Love*, 957 F.2d 1350 (7th Cir. 1992). In deciding whether to dismiss a case for a lack of good faith or "bad faith" courts generally consider the "totality of the circumstances." *In re Gier*, 986 F. 2d 1326 (10th Cir. 1993).

### Debtor's Serial Filings; Lack of Candor; and Disregard of Her Statutory Duties

The debtor has filed eight (8) bankruptcy proceedings in the last eight years, since July 11, 2011. When considering the totality of the circumstances one can only conclude that the debtor has abused the bankruptcy process. The debtor has never complied with the statutory requirements of the bankruptcy code. [4] Her modus operandi is to stall and frustrate with no intention of proposing a chapter 13 plan to pay her creditors. In other words the debtor's actions and inactions are precisely what *Little Creek* condemns.

The debtor seems to regard the Bankruptcy Court as a legal playground. While a generous measure of relief is afforded to a debtor, this benefit is not gratuitous. The law also imposes a measure of responsibility.

### Conclusion

The debtor's actions and inactions evidence a total lack of good faith and candor in this chapter 13 proceeding and constitutes cause under 11 U.S.C. § 1307(c) for the dismissal of this case. Furthermore, the the debtor's serial filings warrant dismissal of this case with prejudice for a minimum period of two (2) years. [5]

WHEREFORE, the UST prays for an order dismissing the above styled proceeding with prejudice for a period of no less than two (2) years.

---

      specified in the plan other than completion of payments under the plan;
        (9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521; or
        (10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521.

[4]    See 11 U.S.C. § 521.

[5]    See *In re Casse*, 198 F.3d 327 (2nd Cir. 1999)(Bankruptcy Court may in appropriate case prohibit serial filer from filing petitions for periods of time exceeding 180 days under 11 U.S.C. §§ 105 and 349).

The UST further prays for all general and equitable relief to which entitled.

                Respectfully submitted,

                DAVID W. ASBACH
                Acting United States Trustee
                Region 5, Judicial Districts
                Of Louisiana and Mississippi

By:   */s/Sammye S. Tharp*
       SAMMYE S. THARP

SAMMYE S. THARP (MSB #10016)
Trial Attorney for the U.S. Trustee
Department of Justice
501 E. Court Street, Suite 6-430
Jackson, Mississippi 39201
Phone No: (601) 965-4142
Fax No: (601) 965-5226
Email Address: sammye.s.tharp@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Sammye S. Tharp, Trial Attorney for the U. S. Trustee, do hereby certify that a copy of the foregoing pleading has been served this day by first class U.S. Mail and / or by CM/ECF to the below named individual(s):

Jamaal M Walker, Esq.
P. O. Box 1825
Southaven, MS 38671
Email: jwalker@wlawassociates.com

Locke D. Barkley
Jeff Collier, Esq.
lbarkley@barkley13.com

This the 19th day of July, 2019.

*/s/ Sammye S. Tharp*
Sammye S. Tharp
Trial Attorney, U. S. Trustee